**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------X

DEVIN ATKINS

Plaintiff,

-against-

AMENDED COMPLAINT

JURY TRIAL DEMANDED

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and POLICE OFFICER GABRIEL RIVERA, POLICE OFFICER SUSAN QUINTERO, POLICE OFFICER JUAN QUIROZ and POLICE OFFICER ALEXANDER ALVAREZ VALDEZ and POLICE OFFICERS "JOHN DOES"1-10 A fictitious name representing police officers Whose names are currently unknown.

Defendants.

----------------------------------------------------------------------X

Plaintiff **DEVIN ATKINS**, by his attorney, LAUREN P. RAYSOR, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. Section 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§1983 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1319(b), in that this is District where the claim arose.

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rules of Civil Procedure 38(b).

**PARTIES**

6. Plaintiff is a black male who, at all relevant times herein, is a citizen of the United States, and a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized police authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, POLICE OFFICER GABRIEL RIVERA, POLICE OFFICER SUSAN QUINTERO, POLICE OFFICER JUAN QUIROZ and POLICE OFFICER ALEXANDER ALVAREZ VALDEZ and POLICE OFFICERS "JOHN DOES"1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State

or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

**FACTS**

13. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered 1 through 12 with the same force and effect as if fully set forth herein.

14. That on or about December 25, 2010, at about 2am in the morning on Christmas eve Plaintiff was leaving a party at Club Gravity [229 Empire Blvd., Brooklyn, NY 11225, between Rogers Ave. & Bedford Ave.]. Plaintiff was walking down Rogers Avenue towards Empire Blvd. alone. Plaintiff was on his way to his dad's home in east Flatbush. His dad was aware that he was coming to his home.

15. At the time Plaintiff was talking on the phone, Plaintiff forgot who he was talking to. Plaintiff was wearing black pants with a white hoodie. The hood was on his head. Plaintiff was also wearing a navy blue bubble jacket up to his waist and ACG boots on his feet.

16. As plaintiff was walking a blue and white cop car pulled up alongside me him the opposite side of the street. In the car there were two officers in plain uniform. The

Driver was Police Officer Alexander Alvarez Valdez. The cops were from the 71st Precinct.

17. The Police Officer Alexander Alvarez Valdez asked Plaintiff, "Can I talk to you for a minute?", Plaintiff responded "for what" as Plaintiff kept walking. Police Officer Alexander Alvarez Valdez stopped the car and began to exit the car, while repeating "let me talk to you for a minute". Plaintiff began to run while Police Officer Juan Quiroz was pursuing him.

18. Plaintiff ran across the street and another set of officers outside for another incident, who plaintiff cannot identify, caught him. They pushed him onto the floor and searched him. They did not find anything on me, but they said they did find something. They told me since they did not find the marijuana I would be charged with disorderly conduct. After having me on the ground for about 30 minutes, the officers took me to the precinct. They did not tell me what the charges were.

19. While at the precinct the officers questioned Plaintiff, accusing him of being involved in a shooting at club C-Pac that night. Plaintiff told them that he wasn't at that club that night. The detectives kept saying that they found a gun and that he had tossed it. Plaintiff told them that he did not have a gun and asked to speak to a lawyer. They did not give him a lawyer and arrested him for criminal possession of a weapon in the second degree. Allegedly Police officer Gabriel Rivera recovered a gun. The judge set bail for $1,000. Plaintiff was sent to Rikers Island for 6 days. Plaintiff was bailed out on December 30, 2010.

20. Plaintiff went back to Rikers on January 8th, 2011 to retrieve his personal

property. Then he went to Popeye's to get something to eat. While at popeyes he got a call from his sister that someone was banging at the door. When Plaintiff got home a warrant squad [Task Force] went to his house in trucks. They went inside and went straight to Plaintiffs bedroom and he asked them "why?" "What did I do?" They told plaintiff that there was a warrant for his arrest. The officers said they wanted to question him and they would bring him back home. They cuffed his arms behind his back and cuffed his ankles. They claimed that he was a highly wanted man or something like that. They put him in the back of the police truck with two other officers and took him to the 67th Precinct for questioning.

21. While Plaintiff was at the Precinct Detectives were questioning him again about club C-Pac. They said that they has 3 witnesses that saw him shooting at the club that night and that he was going to get 15 years for attempted murder. The officers told plaintiff to say that he was scared and people were trying to harm him, and that plaintiff was protecting himself. Plaintiff told them that he was not going to say that and that he was not at Club C-Pac that night. He asked for a lawyer. The Detectives said, "ok you want to be a dickhead, we're sending you downstairs". The next day [January 9th] the detectives questioned him again [asking the same questions and making the same accusations].

22. Plaintiff was later placed in a line-up with other undercover detectives. The detectives were much older than him, they had on hats, lots of hair, and facial hair. One of them even had a long ponytail. Plaintiff was the only young person in the line-up and the only person without facial hair. The witness pointed plaintiff out in the line-up.

23. When Plaintiff went before the judge, [he/she] took back his bail of $1,000

for a prior incident and gave him a new bail of $10,000. Plaintiff was sent back to Rikers for 4 months. Plaintiff was never charged. His next court date was in April. When he went to court the attempted murder case was dismissed for lack of evidence.

24. Plaintiffs prior case was reinstated and the bail was again set at $1,000 [same $1,000 bail was paid twice]. This case was finally dismissed sometime in May. At the pre-trial hearing the officer gave a completely different statement than he did during his Grand Jury testimony. At the Grand Jury hearing the officer testified that he saw me walking down the street with my hand in my jacket holding a gun. At the Pre-trial hearing the officer testified that he saw me trying to break into a car. The judge was furious at the lack of evidence. He suppressed the gun and dismissed the case.

**FIRST CLAIM FOR RELIEF**

**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. §1983**

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 24 with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

27. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C §1983.

28. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, with all the actual and/or apparent authority attendant

thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

31. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiff suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

**SECOND CLAIM FOR RELIEF**

**FALSE ARREST UNDER 42 U.S.C. §1983**

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. As a result of defendants' aforementioned conduct, Plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

34. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear of his safety, was humiliated and subjected to

handcuffing, and other physical restraints, without probable cause.

35. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiff suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

**THIRD CLAIM FOR RELIEF**

**MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983**

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 35 with the same force and effect as if fully set forth herein.

37. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

38. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

39. Defendants were motivated by actual malice in initiating criminal proceedings against Plaintiff.

40. Defendants misrepresented and falsified evidence before the District Attorney.

41. Defendants did not make a complete and full statement of facts to the District Attorney.

42. Defendants withheld exculpatory evidence from the District Attorney.

43. Defendants misrepresented and falsified evidence before the Grand Jury.

44. Defendants were directly and actively involved in continuing criminal proceedings against Plaintiff.

45. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

46. Defendants were motivated by actual malice in continuing criminal proceedings against Plaintiff.

47. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

48. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiff suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages and physical injury

**FOURTH CLAIM FOR RELIEF**

**MALICIOUS ABUSE OF LEGAL PROCESS UNDER 42 U.S.C. §1983**

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 48 with the same force and effect as if fully set forth herein.

50. POLICE OFFICER GABRIEL RIVERA, POLICE OFFICER SUSAN QUINTERO, POLICE OFFICER JUAN QUIROZ and POLICE OFFICER ALEXANDER ALVAREZ VALDEZ POLICE OFFICERS "JOHN DOES"1-10 lacked evidence and/or probable to stop Plaintiff/ or place Plaintiff under arrest, but still proceeded to arrest him and cause him unjustifiably to make court appearances.

51. POLICE OFFICER GABRIEL RIVERA, POLICE OFFICER SUSAN QUINTERO, POLICE OFFICER JUAN QUIROZ and POLICE OFFICER ALEXANDER ALVAREZ VALDEZ POLICE OFFICERS

"JOHN DOES"1-10 acted with intent to do harm to Plaintiff without excuse or justification.

52. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiff suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages and physical injuries.

**FIFTH CLAIM**

**MUNICIPAL LIABILITY**

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 52 with the same force and effect as if fully set forth herein.

54. Police Officers POLICE OFFICER GABRIEL RIVERA, POLICE OFFICER SUSAN QUINTERO, POLICE OFFICER JUAN QUIROZ and POLICE OFFICER ALEXANDER ALVAREZ VALDEZ POLICE OFFICERS "JOHN DOES"1-10 created false evidence against Plaintiff and forwarded false information to prosecutors, notwithstanding their knowledge that said fabrications would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

55. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, state actions with all the actual and/or apparent authority attendant thereto, following customs, policies and practices of the municipal defendant .

56. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the City of New York and the New York City Police

Department, all under the supervision of ranking officers of said department.

57. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to falsifying police reports and fabricating evidence to conceal the wrongful apprehension of persons arrested without probable cause for such arrests.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to Plaintiff's safety, well-being and constitutional rights.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the violations of the constitutional rights of Plaintiff.

60. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, Plaintiff was unlawfully incarcerated.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

62. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

63. All of the foregoing acts by defendants deprived Plaintiff of federally protected rights, including, but not limited to:

a. The right to not to be deprived of liberty without due process of law;

b. The right to be free from unlawful search and seizure;

c. The right to be free from unwarranted and malicious criminal prosecution;

d. The right to equal protection under the law.

64. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiff suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

**SIXTH CLAIM FOR RELIEF**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 64 with the same force and effect as if fully set forth herein.

66. Defendant City of New York, through the purposeful actions of its agents, servants and employees, engaged in extreme and outrageous conduct and intentionally inflicted severe emotional distress upon Plaintiff.

67. This intentional conduct by defendants, to wit, and POLICE OFFICER GABRIEL RIVERA, POLICE OFFICER SUSAN QUINTERO, POLICE OFFICER JUAN QUIROZ and POLICE OFFICER ALEXANDER ALVAREZ VALDEZ, POLICE OFFICERS "JOHN DOES"1-10 has caused Plaintiff to suffer severe mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

**SEVENTH CLAIM FOR RELIEF**

**NEGLIGENT HIRING AND RETENTION**

68. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 67 with the same force and effect as if fully set forth herein.

69. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of Plaintiff.

70. to engage in the wrongful conduct heretofore alleged in this Complaint.

71. Upon information and belief defendant City of New York negligently trained, hired, retained and supervised, POLICE OFFICER GABRIEL RIVERA, POLICE OFFICER SUSAN QUINTERO, POLICE OFFICER JUAN QUIROZ and POLICE OFFICER ALEXANDER ALVAREZ VALDEZ POLICE OFFICERS "JOHN DOES"1-10 who conducted and participated in the arrest of Plaintiff and who the City of New York knew, or should have known had the propensity to falsely arrest African Americans.

72. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiff suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

**WHEREFORE**, by reason of the aforesaid conduct by defendants, Plaintiff, **DEVIN ATKINS**, demands the following relief:

(a) compensatory damages in the amount of five million dollars ($5,000,000.00);

(b) punitive damages; (c) attorney's fees, as well as costs and disbursements, and (d) any further relief that the Court may find just and proper.

Dated: New York, New York

June 28, 2013

By: Lauren Raysor

LAUREN P. RAYSOR (LPR1551)
Attorney for Plaintiff